# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-1274V**
UNPUBLISHED

| | |
|---|---|
| BERNICE EDMONDS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 9, 2026 |

*Jennifer L. Allen*, Allen Law, LLC, Ellicott City, MD, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION**[1]

On April 22, 2021, Bernice Edmonds filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury due to an influenza vaccine she received on September 5, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

Petitioner did not file any supporting documentation with the petition. On April 23, 2021, the PAR Initial Order was issued requiring Petitioner to file medical records and her statutory affidavit, among other things. ECF No. 5. Such documents are critical to the claim's resolution.

Due to Petitioner's failure to prosecute for *over three years*, I issued an order to show cause on July 26, 2024. ECF No. 11. On August 26, 2024, Petitioner filed a response to the order to show cause. ECF No. 12. In the response, Petitioner's counsel detailed numerous medical and business issues she has experienced over the last few

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

years and described her circumstances as extreme. Counsel requested 60 days to file the outstanding documents.

On September 3, 2024, I issued a second Order to Show Cause allowing Petitioner another 60 days to file the required documents but stating that no further extensions of time would be granted. ECF No. 13. On November 4, 2024, the due date set by the second Order to Show Cause, Petitioner filed some medical records and a Statement of Completion. ECF Nos. 14, 15. Petitioner has not filed any additional supporting documentation since that submission.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."). Petitioner was specifically advised in both Orders to Show Cause that failure to follow orders and to submit the required documents would result in dismissal.

In her filings, Petitioner's counsel admitted a continued failure to prosecute this case and the deficiencies in the evidence noted below highlight this failure. Counsel even "respectfully request[ed] that this Court consider a fee sanction prior to dismissal if it sees fit." ECF No. 12 at 3. Because of this failure to comply with my orders and prosecute this case by submitting the required supporting documentation, dismissal is now appropriate.

In addition to the failure to prosecute, Petitioner has submitted insufficient records to establish her vaccine claim. Petitioner only filed a prescription history from CVS, exhibit 1, but did not file a vaccine administration record that identifies the arm of administration, which is a standard requirement for vaccine claims alleging a shoulder injury. Petitioner did not file any medical records regarding her pre-vaccination health as

required by the PAR Initial Order. Petitioner is also missing medical records from Orange Park Medical Center, which she cited in the petition as a provider who treated her vaccine injury. ECF No. 1 ¶ 4. Additionally, Petitioner has not filed a statutorily required affidavit.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.**[2]

**The Clerk's Office is instructed to serve this decision on Petitioner by certified mail at the address in the caption of the petition.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[2] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."